## Case No. 15,987.

### UNITED STATES v. PAGE.

[Hoff. Land Cas. 80.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANTS.

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

## Case No. 15,988.

### UNITED STATES v. PAGE.

[2 Sawy. 353; [1] 17 Int. Rev. Rec. 158; 5 Chi. Leg. News, 363; 20 Pittsb. Leg. J. 158.]

District Court, D. Oregon.   March 17, 1873.

INTERNAL REVENUE LAWS — WHOLESALE LIQUOR DEALER—NONPAYMENT OF TAX—INDICTMENT.

1. An indictment which charges the defendant with carrying on the business of a wholesale liquor dealer without the payment of a special tax therefor, at a certain place, continuously, between certain dates, is sufficient without stating the means or circumstances by which he became such dealer.

2. The rule upon this subject laid down in United States v. Howard [Case No. 15,402], affirmed.

[This was an indictment against W. D. Page for violation of the internal revenue laws. Heard on demurrer.]

Addison C. Gibbs, for the United States.

Benton Killin, for defendant.

DEADY, District Judge. The indictment in this case is found under section 44 of the act of July 20, 1868 (15 Stat. 142), as amended by the act of June 6, 1872 (17 Stat. 240), and charges that the defendant "did, on February 10, 1873, and continuously thereafter, until March 6 of the same year, exercise and carry on the business of a wholesale liquor dealer, without paying the special tax therefor." The defendant demurs to the indictment because the particular facts constituting the crime are not stated therein.

Among other things, said section forty-four provides, substantially, that any person who shall carry on the business of a wholesale liquor dealer, without having paid the special tax as required by law, shall be punished as therein provided; and subdivision five of section fifty-nine of said act, as amended by the act of April 10, 1869 (16 Stat. 42). and the act of June 6, 1872 (17 Stat. 240), declares that "every person who sells, or offers for sale, foreign or domestic distilled spirits, or wines, in quantities of not less than five gallons at the same time, shall be regarded as a wholesale liquor dealer."

Counsel for the demurrer insist that the indictment should not only state that the defendant carried on the business of a wholesale liquor dealer, but, also, the means or particular acts whereby he carried it on—as that, at a time and place named, he sold distilled spirits, wines or malt liquors, or offered them for sale, and in what quantities.

In U. S. v. Howard [Case No. 15,402], this court held that: "An indictment which charges a defendant with carrying on the business of a retail liquor dealer, without payment of a special tax, at a certain place,

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

continuously, between certain dates, is sufficient, without stating the means or circumstances by which he became such retail dealer."

The statute makes no difference in the definition of a retail and wholesale liquor dealer, except as to quantity; and if such an indictment is good in the one case it must be in the other.

The general rule, which requires that the indictment should not only contain the description of the crime charged, but also those particular facts and necessary circumstances, by which it is constituted and identified, is admitted. But this case falls within the exceptions to the rule, where the crime is habitual character or conduct, and consists of a frequent repetition of similar acts, such as the case of a barrator, scold, etc.

In re Lindaur [Case No. 8,358], the petitioner had been indicted for being engaged and concerned in the business of a lottery ticket dealer, without any statement showing how or by what means he was so engaged and concerned. Having plead guilty and been sentenced to imprisonment, he subsequently applied for a writ of habeas corpus, on the ground that as no crime was charged in the indictment, therefore the judgment was erroneous and void. The writ was denied; but on the argument no objection seems to have been made to the sufficiency of the indictment in this respect.

In U. S. v. Fox [Case No. 15,156], the defendant was indicted for carrying on the business of a distiller, on September 1, 1866, and on divers other days up to and until December 10 of the same year. After a verdict of guilty the defendant's counsel moved in arrest of judgment. One of the grounds of the motion was, that the indictment did not charge a crime, because it did not state the particular acts which would show that the defendant was a distiller. In passing upon this point the court, Lowell, J., said: "As I have had occasion to observe in another case, the precedents prescribe a very simple form of charging such a crime as this. * * * And in general when the charge is, that a certain trade has been carried on, or that the defendant has sustained a particular character, as that of a barrator, scold, etc., it is not essential to set out the particular acts which go to make up the trading or course of life. It would be otherwise if each act were a crime; or if by the statute definition a fixed number of separate acts made up the crime." Notwithstanding the able and ingenious argument of counsel for the demurrer, I am satisfied with the ruling in U. S. v. Howard [supra]. In principle and circumstances the cases are exactly alike.

Because the statute has declared who shall be regarded as a wholesale or retail liquor dealer, the rule of pleading in this class of cases is not changed. In this respect the statute is simply a rule of evidence, prescribing what shall be sufficient evidence of the fact that a party did carry on either of these trades or businesses.

[The demurrer is overruled.] [2]